UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY FRANK CHISM,

                Petitioner,

                                      CASE NO. 15-CV-13237
v.                                HONORABLE GERALD E. ROSEN

JEFFREY WOODS,

                Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF
APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON
APPEAL**

## I.    Introduction

Michigan prisoner Rodney Frank Chism ("Petitioner") has filed a pro se

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his

current confinement.  Petitioner was convicted of three counts of first-degree criminal

sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a) (victim under 13), following

a jury trial in the Oakland County Circuit Court, and was sentenced to concurrent

terms of 25 to 50 years imprisonment in 2012.  In his pleadings, Petitioner raises

claims concerning the voluntariness of his confession, the denial of a mistrial motion

based upon allegedly improper police testimony, and the ineffective assistance of trial counsel for failing to call a witness and for failing to object to the allegedly improper police testimony before trial.  For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies Petitioner leave to proceed *in forma pauperis* on appeal.

## II.    Facts and Procedural History

Petitioner's convictions arise from his sexual conduct with his female piano student who was between 11 and 13 years of age.  The Michigan Court of Appeals described the relevant facts as follows:

> Defendant was employed as a piano instructor and the victim began taking piano lessons from him when she was eleven years old and stopped the lessons when she was under the age of 13. She testified that a couple of months after the start of the lessons defendant began putting his hand on her knee and then continued moving it higher up her leg. Later, defendant began to use his left hand to reach inside her pants, push away her underwear, and move his finger in between the lips of her vagina. She further testified that defendant touched her breasts on one occasion. The victim never protested the touching due to being afraid of getting hurt by defendant. She also did not mention the sexual assaults to her parents, but later on told a couple of her friends, who contacted the high school counselor and an investigation began.

> During the investigation, the police asked defendant if he was willing to come in for an interview. Defendant agreed and attempted to consult an attorney prior to coming to the interview. Defendant confessed to sexually assaulting the victim in a recorded interview with Sergeant Michael Crum.

2

*People v. Chism*, No. No. 313580, 2014 WL 667524, *1 (Mich. Ct. App. Feb. 18, 2014) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising his claims concerning the voluntariness of his confession and the denial of his mistrial motion which was based upon the allegedly improper admission of police testimony.  The Michigan Court of Appeals denied relief on those claims and affirmed Petitioner's convictions.  *Id.*  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising those same two claims, as well as claims that trial counsel was ineffective for failing to call a defense witness and for failing to object to the allegedly improper police testimony before trial.  The Michigan Supreme Court denied leave to appeal in a standard order.  *People v. Chism*,  497 Mich. 854, 852 N.W.2d 621 (Sept. 5, 2014).

Petitioner dated his federal habeas petition on September 1, 2015.  He raises the four claims that he presented to the Michigan Supreme Court on direct appeal of his convictions.

## III.   Analysis

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must also be raised before the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state court remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The burden is on the prisoner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner has not met his burden of establishing that he has properly exhausted all of his habeas claims in the Michigan courts before proceeding on federal habeas review. His pleadings indicate that he did not raise his two

4

ineffective assistance of trial counsel claims on direct appeal before the Michigan Court of Appeals and first raised those claims before the Michigan Supreme Court. Presenting new issues for the first time before a state supreme court on discretionary review, however, does not amount to a "fair presentation" of those claims to the state courts for exhaustion purposes. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner has thus failed to properly exhaust all of his claims in the state courts before seeking federal habeas review.

Petitioner has an available avenue for relief in the state court system such that his further pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising his unexhausted claims and then pursue those claims in the state appellate courts as necessary. The unexhausted issues concern matters of federal law which may warrant further review and should therefore be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

5

Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner, however, has not shown the need for a stay. The one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about December 4, 2014. Petitioner dated his federal habeas petition on September 1, 2015. Thus, about nine months of the one-year period had run when Petitioner instituted this action. While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by this Court. *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Petitioner thus has sufficient time, about three months, to pursue

6

state collateral review and exhaust his issues in the state courts (thereby tolling the one-year period), and return to federal court on a perfected petition.

While there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he neither alleges nor establishes good cause for failing to properly exhaust all of his claims in the state courts before seeking habeas relief in federal court. Lastly, Petitioner's unexhausted claims concern matters of federal law which do not appear to be "plainly meritless." Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

## IV.   Conclusion

For the reasons stated, the Court concludes that Petitioner has not properly exhausted all of his habeas claims in the state courts before filing this action, that he must do so before proceeding on federal habeas review, and that a stay is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should Petitioner wish to delete the unexhausted claims and proceed only on the exhausted claims, he may move to re-open this case and proceed on an amended petition containing only the exhausted claims within 30 days of the filing date of his order. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability

must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith.  Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  September 23, 2015

8

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 23, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135